NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 16 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LAKHWINDER SINGH, | No.   19-71271 |
| Petitioner, | Agency No. A206-034-309 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 12, 2021[**]
San Francisco, California

Before:  McKEOWN, IKUTA, and BRESS, Circuit Judges.

Lakhwinder Singh, a citizen of India, petitions for review of a Board of

Immigration Appeals (BIA) decision dismissing his appeal of an Immigration Judge

(IJ) order denying his request for asylum, withholding of removal, and relief under

the Convention Against Torture.  Singh challenges only the ruling on his asylum

---

[*]  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]  The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

claim. We review for substantial evidence and may grant relief only if the record compels a contrary conclusion. *Wang v. Sessions*, 861 F.3d 1003, 1007 (9th Cir. 2017). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

Substantial evidence supports the IJ's determination that Singh did not testify credibly. *See Shrestha v. Holder*, 590 F.3d 1034, 1040 (9th Cir. 2010). In assessing Singh's credibility, the IJ was permitted to consider the consistency between Singh's testimony and written statements and "the consistency of such statements with other evidence of record." 8 U.S.C. § 1158(b)(1)(B)(iii). Here, and with respect to the first attack, the IJ identified inconsistencies between Singh's account of his injuries and a doctor's letter describing those injuries, and Singh offered non-responsive answers when questioned on this issue.

The IJ also permissibly discounted Singh's credibility after Singh testified he was knocked unconscious during the second attack. Singh did not include this information in his declaration, and it was not mentioned in an asylum officer's summary of Singh's interview, which Singh had reviewed with the officer at the time. "[A]n adverse credibility determination may be supported by omissions that are not 'details,' but new allegations that tell a 'much different—and more compelling—story of persecution than [the] initial application.'" *Silva-Pereira v. Lynch*, 827 F.3d 1176, 1185 (9th Cir. 2016) (quoting *Zamanov v. Holder*, 649 F.3d 969, 974 (9th Cir. 2011)). The IJ also did not err in giving little weight to the

2

affidavit from Singh's wife because it was inconsistent with Singh's previous statements and she could not be cross-examined.

Even if Singh testified credibly, substantial evidence supports the BIA's alternative determination that Singh had not met his burden of demonstrating a well-founded fear of future persecution. 8 U.S.C. §§ 1101(a)(42)(A), 1158(b)(1)(B)(i). The BIA reasonably concluded that Singh had not suffered past persecution. Persecution is an "extreme concept" that "does not include every sort of treatment our society regards as offensive." *Gu v. Gonzales*, 454 F.3d 1014, 1019 (9th Cir. 2006) (quotations omitted). Singh was assaulted twice but suffered no serious or permanent injuries and was not detained. The assaults, combined with the threats Singh received, did not compel a finding of past persecution. *See Nahrvani v. Gonzales*, 399 F.3d 1148, 1153 (9th Cir. 2005).

Nor did Singh show a well-founded fear of future persecution. *See* 8 C.F.R. § 1208.13(b)(1). Singh in his opening brief did not challenge the BIA's determination that Singh had not shown an objectively reasonable fear of future persecution. Singh has thus waived the issue. *Rizk v. Holder*, 629 F.3d 1083, 1091 n.3 (9th Cir. 2011). Regardless, the claim would fail because substantial evidence supports the IJ and BIA's opposite conclusion. Singh was a low-level Mann Party member for several years without experiencing harm. He also has been gone from India for several years and has had limited contact with persons there, which further

3

supports the conclusion he is unlikely to be singled out in the future. In addition, by failing to offer evidence on the issue, Singh failed to show he could not reasonably relocate within India. *See* 8 C.F.R. § 1208.13(b)(3)(i).

**PETITION DENIED.**